BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

OLGA L. TOBIN
JOSHUA D. ZIMBERG
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 307-6322 (Tobin)
(202) 598-3739 (Zimberg)
(202) 514-6866 (Fax)
Olga.L.Tobin@usdoj.gov
Joshua.D.Zimberg@usdoj.gov
*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JANET FITZGERALD<br>In Her Individual Capacity and As Co-Executor of the Estate of Jeanne M. Hober,<br>5213 Pacific Avenue<br>Wildwood, NJ 08260,<br><br>IRENE HOBER<br>In Her Individual Capacity, As Co-Executor of the Estate of Jeanne M. Hober, and Trustee of the Trusts U/W Jeanne M. Hober FBO Julius C. Hober III, Carl Paul Hober, Brett | Case No. |

Farnan, Zachary A. Hober, and Irene A.
Aarvig,
837 Seashore Road
Cape May, NJ 08204,

JULIUS C. HOBER, JR.
540 Neptune Ave., Apt. 9
Longboat Key, FL 34228

CARL J. HOBER
1422 Missouri Avenue
Cape May, NJ 08204

RAYMOND C. HOBER
608 SE 30th Ln
Cape Coral, FL 33904

    Defendants.

---

## COMPLAINT

  Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 26 U.S.C. §§ 7401 and 7403 and at the direction of the Attorney General of the United States, brings this civil action to collect the estate tax liabilities (Form 706) of the Estate of Jeanne M. Hober ("Hober Estate") and enforce the corresponding tax liens and claims of the United States.  In support of this action, the United States alleges as follows:

### JURISDICTION AND VENUE

  1. This Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 7403 and 28 U.S.C. §§ 1331, 1340 and 1345.

  2. Venue is proper under 28 U.S.C. § 1396 because the tax liability at issue accrued in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(2)

2

because a substantial part of the events giving rise to the United States' claim occurred in this district.

### PARTIES

3.      The plaintiff is the United States of America.

4.      Jeanne M. Hober died testate on December 12, 2007, and, at the time of her death was a resident of Cape May, New Jersey, within this judicial district.

5.      The Hober Estate was administered in Cape May County Surrogate Court within this judicial district by the Co-Executrices, Janet Fitzgerald and Irene Hober.

6.      The Trusts U/W Jeanne M. Hober FBO Julius C. Hober III, Carl Paul Hober, Brett Farnan, Zachary A. Hober, and Irene A. Aarvig ("Hober Family Trusts") are a series of trusts established as part of Jeanne M. Hober's estate planning.

7.      Janet Fitzgerald was appointed the co-executrix of the Hober Estate.  She resides in Wildwood, New Jersey within this judicial district.  She is liable in her personal capacity for acts committed as a fiduciary of the Hober Estate, in her capacity as the co-executrix of the Hober Estate.

8.      Irene Hober is the daughter of Jeanne M. Hober and was appointed the co-executrix of the Hober Estate.  She resides in Cape May, New Jersey, within this judicial district.  She is liable in her personal capacity both as a beneficiary of the Hober Estate and for acts committed as a fiduciary of the Hober Estate, and in her capacity as the co-executrix of the Hober Estate and trustee of the Hober Family Trusts.

9.      Julius C. Hober, Jr. is the son of Jeanne M. Hober.  He resides in Longboat Key, Florida.  He is named because he is personally liable as a beneficiary of the Hober Estate.

10.     Carl J. Hober is the son of Jeanne M. Hober.  He resides in Cape May, New Jersey, within this judicial district.  He is named because he is personally liable as a beneficiary of the Hober Estate.

11.     Raymond C. Hober is the son of Jeanne M. Hober.  He resides in Cape Coral, Florida.  He is named because he is personally liable as a beneficiary of the Hober Estate.

### COUNT I: ASSESSMENT AGAINST THE HOBER ESTATE

12.     The allegations of paragraphs 1 through 11, inclusive, are re-alleged and incorporated by reference in this count as though fully set forth herein.

13.     On July 2, 2010, a federal estate tax return (Form 706) was filed on behalf of the Hober Estate.

14.     A delegate of the Secretary of the Treasury of the United States properly and timely assessed federal estate taxes, penalties, and statutory interest against the Hober Estate on August 16, 2010 in the amount of $2,042,838.

15.     On May 2, 2013, a notice of deficiency was issued following an examination of the Form 706.

16.     On July 15, 2013, a United States Tax Court petition was filed contesting the deficiency notice (Docket No. 16252-13).

17.    On June 6, 2016, the Tax Court issued a decision pursuant to an agreement of the parties that there is a deficiency in estate tax due in the amount of $1,210,012, plus an addition to tax due of $75,428 under 26 U.S.C. § 6651(a)(1) and a penalty due of $221,329 under 26 U.S.C. § 6662(a).

18.    The amounts described in paragraph 17 above were properly and timely assessed by a delegate of the Secretary of the Treasury of the United States on July 27, 2016.

19.    Notices and demands for payment of the tax assessments, described in paragraphs 14 and 17, were given to Janet Fitzgerald and Irene Hober, in their capacity as co-executrices of the Hober Estate, but they failed to fully pay the assessed amounts.

20.    Statutory additions to tax have accrued and will continue to accrue on the unpaid balance of the federal tax liabilities set forth in paragraphs 14 and 17, above.

21.    As of August 3, 2026, the Hober Estate will owe **$1,478,466** for estate taxes, interest and penalties, plus statutory additions that will continue to accrue as provided by law after that date.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

A.    Enter judgment in favor of the United States against Janet Fitzgerald and Irene Hober, in their capacity as co-executrices of the Estate of Jeannee Hober, in the amount of **$1,478,466** as of as of August 3, 2026, for federal estate taxes, plus interest and penalties that will continue to accrue as provided by law after that date until paid in full.

B.    Award such other and further relief as may be deemed just and proper under the circumstances.

## COUNT II: JUDGEMENT AGAINST JANET FITZGERALD AND IRENE HOBER FOR FIDUCIARY LIABILITY UNDER 31 U.S.C. § 3713

22.    The United States incorporates paragraphs 1 to 21 of this Complaint as if fully set forth herein.

23.    On December 24, 2007, Janet Fitzgerald and Irene Hober were appointed to serve as co-executrices of the Hober Estate.  In that role, they were fiduciaries and representatives of the estate.

24.    Pursuant to 31 U.S.C. § 3713(a), a claim of the United States shall be paid first when the estate of a deceased debtor, in the custody of the executor, is not enough to pay all debts of the debtor.

25.    Pursuant to 31 U.S.C. § 3713(b), a representative of a person or an estate who pays any part of a debt of the person or estate before paying a claim of the United States is liable to the United States to the extent of the payment.

26.    The Federal Estate Tax Return (Form 706) was due on September 12, 2008. The co-executrices obtained an extension until March 12, 2009.  They made a payment of $2,750,000 with the extension request.

27.    They did not file the Form 706 until July 2, 2010, sixteen months after the new due date.  They reported $2,042,838 in taxes due on the return.

28.    The Defendants were aware of an additional $8 million in assets that they omitted from the taxable estate in preparing the Federal Estate Tax Return.

29.     The IRS examined the Federal Estate Tax Return.  On August 25, 2011, an IRS examining officer called co-executor Janet Fitzgerald to discuss the audit and mailed her a letter concerning the exam on August 26, 2011 notifying her that the Hober Estate Form 760 was selected for audit.  The IRS determined an additional deficiency of $3,847,240 and $739,000 in penalties for negligent underpayment of taxes under IRC § 6662.  Additionally, because of the untimely filing of the Form 706, the Estate was assessed $785,019 in penalties under IRC § 6651.  These amounts were challenged by the Hober Estate in Tax Court and an agreement reached as described in paragraph 17 above.

30.     At least as of July 2, 2010 when the Federal Estate Tax Return was filed, the co-executrices were on notice of the United States' claim against the Hober Estate or were on notice of facts that would lead a reasonably prudent person to ask about the existence of a claim before making distributions or payments from the estate.

31.     Nevertheless, the co-executrixes made about **$1,958,994** in distributions from the Hober Estate after July 2, 2010, including the following.

32.     On April 6, 2011, the Hober Estate distributed a total of $880,000 broken up as $220,000 each to estate beneficiaries Julius C. Hober, Jr., Irene Hober, Raymond C. Hober, and Carl J. Hober.

33.     On April 6, 2011, the Hober Estate transferred to Carl J. Hober a 20% interest in a 10-unit residential premise known as 1507 Yacht Avenue, Cape May, NJ 08204 valued at $256,000 at the time of death, totaling $51,200.

7

34.    In November 2012, the Hober Estate sold real property located at 355 Congress Street, Cape May City, New Jersey.  On December 11, 2012, Janet Fitzgerlad directed the title company to use $557,789 in sales proceeds held in escrow to the State of New Jersey to satisfy liabilities of the estate.

35.    Another payment of $14,950 was made toward New Jersey Estate Taxes on January 17, 2017.

36.    Between 2012 and 2019, the Hober Estate paid about $359,590 in legal fees to Kulzer & DiPadova and Hagner & Zohlman.

37.    On December 31, 2018, the Hober Estate paid $22,180, $1,550, and $9,645 to beneficiaries of the Hober Estate, Carl Hober, Raymond Hober and Irene Hober respectively.

38.    Between 2008 and 2012, the Hober Estate paid $62,090 in environmental remediation expenses to DeMaio's Inc.

39.    These distributions and payments rendered the Hober Estate insolvent and unable to pay the estate taxes owed to the United States.

40.    Janet Fitzgerald and Irene Hober, the co-executrices of the Hober Estate, are jointly and severally liable under 31 U.S.C. § 3713 for the federal estate taxes owed by the Hober Estate to the extent of the value of the assets transferred by them in their capacity as co-executrices.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

C.    Enter a judgment under 31 U.S.C. § 3713 in favor of the United States against Janet Fitzgerald and Irene Hober, jointly and severally, in their personal

capacities, in the amount of **$1,478,466** as of as of August 3, 2026, for federal estate taxes, plus interest and penalties that will continue to accrue as provided by law after that date until paid in full, in an amount not to exceed the value of the transferred property totaling **$1,958,994**;.

D.      Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT III: JUDGMENT AGAINST IRENE HOBER UNDER 26 U.S.C. § 6324

41.      The United States incorporates paragraphs 1 to 40 of this Complaint as if fully set forth herein.

42.      A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

43.      Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

44.      After December 12, 2007, property of the gross estate subject to the lien totaling $979,097 was transferred to Irene Hober as a beneficiary of the Hober Estate, including the following.

    a.  $100,000 on 12/24/2008;

    b.  $639,679 on 12/9/2008;

    c.  $128 on 4/13/2008;

    d.  $220,000 on 4/6/2011;

    e.  $9,645 on 12/31/2018; and

    f.  Jewelry and household furnishings valued at $9,645.

45.     Additionally, on June 1, 2009, $474,327 was transferred from the gross estate to Irene Hober in her capacity as co-trustee of the Hober Family Trusts.

46.     The total transferred from the gross estate to Irene Hober in her capacity as beneficiary and trustee was **$1,453,424**.

47.     The federal estate tax of the Hober Estate was not fully paid when due and remains outstanding.

48.     Under 26 U.S.C. § 6324(a)(2), Irene Hober is personally liable as a transferee for unpaid federal estate taxes of the Hober Estate not to exceed $1,453,424, the value at the time of death of the property transferred from the gross estate to her as the beneficiary of the Hober Estate or trustee of the Hober Family Trusts.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

E.     Enter a judgment under 26 U.S.C. § 6324 in favor of the United States against the transferee Irene Hober in her personal capacity as a beneficiary of the Hober Estate and in her capacity as trustee of the Trusts U/W Jeanne M. Hober FBO Julius C. Hober III, Carl Paul Hober, Brett Farnan, Zachary A. Hober, and Irene A. Aarvig, for the value of the transferred property in the amount of **$1,453,424**;.

**F.**     Award such other and further relief as may be deemed just and proper under the circumstances.

10

## COUNT IV: JUDGMENT AGAINST IRENE HOBER UNDER NEW JERSEY'S UNIFORM VOIDABLE TRANSACTIONS ACT

49. The United States incorporates paragraphs 1 to 48 of this Complaint as if fully set forth herein.

50. A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

51. The United States' claim for federal estate taxes arose on December 12, 2007 by reason of the lien described above.

52. After December 12, 2007, property of the gross estate subject to the lien totaling $1,453,424 was transferred to the transferee Irene Hober in her personal capacity as a beneficiary of the Hober Estate and in her capacity as the trustee of the Hober Family Trusts.

53. The transferee Irene Hober did not remit a reasonably equivalent value in exchange for the transferred property of the gross estate.

54. The Hober Estate was insolvent or became insolvent because of the transfers to Irene Hober and unable to pay the claim of the United States for federal estate taxes.

55. The transfer is therefore voidable under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1).

56.     Under N.J.S.A. § 25:2-30(b), the United States is entitled to a judgment against the transferee Irene Hober for the value of the asset transferred or the amount necessary to satisfy the United States claim, whichever is less.

57.     The transferee Irene Hober is liable for the federal estate taxes of the Hober Estate plus interest and penalties not to exceed **$1,453,424**, the value of the transfers made to her from the gross estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

G.     Enter a judgment under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1), and 25:2-30(b) in favor of the United States against the transferee Irene Hober in her personal capacity as a beneficiary of the Hober Estate and in her capacity as trustee of the Trusts U/W Jeanne M. Hober FBO Julius C. Hober III, Carl Paul Hober, Brett Farnan, Zachary A. Hober, and Irene A. Aarvig, for the value of the transferred property in the amount of **$1,453,424**.

H.     Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT V: JUDGMENT AGAINST JULIUS C. HOBER, JR. AS TRANSFEREE UNDER 26 U.S.C. § 6324

58.     The United States incorporates paragraphs 1 to 57 of this Complaint as if fully set forth herein.

59.     A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

60.     Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

61.     After December 12, 2007, property of the gross estate subject to the lien totaling $959,807 was transferred to Julius C. Hober as a beneficiary of the Hober Estate, including the following.

a.  $128 on 4/13/2008

b.  $639,679 on 12/09/2008

c.  $100,000 on 12/24/2008

d.  $220,000 on 4/6/2011

62.     The federal estate tax of the Hober Estate was not fully paid when due and remains outstanding.

63.     Under 26 U.S.C. § 6324(a)(2), Julius C. Hober, Jr. is personally liable as a transferee for unpaid federal estate taxes of the Hober Estate not to exceed **$959,807**, the value at the time of death of the property transferred from the gross estate to him in his capacity as a beneficiary of the Hober Estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

I.     Enter a judgment under 26 U.S.C. § 6324 in favor of the United States against the transferee Julius C. Hober, Jr. for the value of the transferred property in the amount of **$959,807**.

J. Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT VI: JUDGMENT AGAINST JULIUS C. HOBER, JR. UNDER NEW JERSEY'S UNIFORM VOIDABLE TRANSACTIONS ACT

64. The United States incorporates paragraphs 1 to 63 of this Complaint as if fully set forth herein.

65. A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

66. Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

67. The United States' claim for federal estate taxes arose on December 12, 2007 by reason of the lien described above.

68. After December 12, 2007, property of the gross estate subject to the lien totaling $959,807 was transferred to the transferee Julius C. Hober, Jr. in his personal capacity as a beneficiary of the Hober Estate.

69. The transferee Julius C. Hober, Jr. did not remit a reasonably equivalent value in exchange for the transferred property of the gross estate.

70. The Hober Estate was insolvent or became insolvent because of the transfers and unable to pay the claim of the United States.

14

71. The transfers are therefore voidable under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1).

72. Under N.J.S.A. § 25:2-30(b), the United States is entitled to a judgment against the transferee Julius C. Hober, Jr. for the value of the asset transferred or the amount necessary to satisfy the United States claim, whichever is less.

73. The transferee Julius C. Hober, Jr. is liable for the federal estate taxes of the Hober Estate plus interest and penalties not to exceed **$959,807**, the value of the transfers made to him from the gross estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

K. Enter a judgment under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1), and 25:2-30(b) in favor of the United States against the transferee Julius C. Hober, Jr. for the value of the transferred property in the amount of **$959,807**.

L. Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT VII: JUDGMENT AGAINST CARL J. HOBER AS TRANSFEREE UNDER 26 U.S.C. § 6324

74. The United States incorporates paragraphs 1 to 73 of this Complaint as if fully set forth herein.

75. A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

76. Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

77. After December 12, 2007, property of the gross estate subject to the lien totaling $2,067,356 was transferred to Carl J. Hober as a beneficiary of the Hober Estate, including the following:

a. $127 on 4/13/2008

b. $639,679 on 12/09/2008

c. $100,000 on 12/24/2008

d. $220,000 on 4/6/2011

e. $1,550 on 12/31/2018

f. real property located at 1422 Missouri Ave, Cape May, NJ 08204 valued at $850,000 at the time of death transferred on May 13, 2009

g. 20% interest in a 10-unit residential premise known as 1507 Yacht Avenue, Cape May, NJ 08204 valued at $256,000 at the time of death transferred on April 6, 2011

78. The federal estate tax of the Hober Estate was not fully paid when due and remains outstanding.

79. Under 26 U.S.C. § 6324(a)(2), Carl J. Hober is personally liable as a transferee for unpaid federal estate taxes of the Hober Estate not to exceed **$2,067,356**,

the value at the time of death of the property transferred from the gross estate to him as the beneficiary of the Hober Estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

M.      Enter a judgment under 26 U.S.C. § 6324 in favor of the United States against the transferee Carl C. Hober in the amount of **$1,478,466** as of as of August 3, 2026, for federal estate taxes, plus interest and penalties that will continue to accrue as provided by law after that date until paid in full, in an amount not to exceed the value of the transferred property totaling **$2,067,356**.

N.      Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT VIII: JUDGMENT AGAINST CARL J. HOBER UNDER NEW JERSEY'S UNIFORM VOIDABLE TRANSACTIONS ACT

80.      The United States incorporates paragraphs 1 to 79 of this Complaint as if fully set forth herein.

81.      A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

82.      Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

17

83.     The United States' claim for federal estate taxes arose on December 12, 2007 by reason of the lien described above.

84.     After December 12, 2007, property of the gross estate subject to the lien totaling $2,067,356 was transferred to the transferee Carl J. Hober as a beneficiary of the Hober Estate.

85.     The transferee Carl J. Hober did not remit a reasonably equivalent value in exchange for the transferred property of the gross estate.

86.     The Hober Estate was insolvent or became insolvent because of the transfers to Irene Hober and unable to pay the claim of the United States for federal estate taxes.

87.     The transfer is therefore voidable under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1).

88.     Under N.J.S.A. § 25:2-30(b), the United States is entitled to a judgment against the transferee Carl J. Hober for the value of the asset transferred or the amount necessary to satisfy the United States claim, whichever is less.

89.     The transferee Carl J. Hober is liable for the federal estate taxes of the Hober Estate plus interest and penalties not to exceed **$2,067,356**, the value of the transfers made to him from the gross estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

O.     Enter a judgment under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1), and 25:2-30(b) in favor of the United States against the transferee Carl C. Hober in the amount of **$1,478,466** as of as of August 3, 2026, for federal estate taxes, plus interest and penalties

18

that will continue to accrue as provided by law after that date until paid in full, in an amount not to exceed the value of the transferred property totaling **$2,067,356.**

P. Award such other and further relief as may be deemed just and proper under the circumstances.

### COUNT IX: JUDGMENT AGAINST RAYMOND C. HOBER AS TRANSFEREE UNDER 26 U.S.C. § 6324

90. The United States incorporates paragraphs 1 to 89 of this Complaint as if fully set forth herein.

91. A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

92. Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

93. After December 12, 2007, property of the gross estate subject to the lien totaling was transferred to Raymond C. Hober as a beneficiary of the Hober Estate, including the following.

     a. $128 on April 13, 2008

     b. $100,000 on 12/24/2008

     c. $22,180 on 12/31/2018

     d. $639,679 on 12/9/2008

e.      $220,000 on 4/6/2011

94.     The federal estate tax of the Hober Estate was not fully paid when due and remains outstanding.

95.     Under 26 U.S.C. § 6324 (b), Raymond C. Hober is personally liable as a transferee for unpaid federal estate taxes of the Hober Estate not to exceed **$981,987**, the value at the time of death of the property transferred from the gross estate to him as the beneficiary of the Hober Estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

Q.      Enter a judgment under 26 U.S.C. § 6324 in favor of the United States against the transferee Raymond Hober in an amount not to exceed the value of the transferred property totaling **$981,987**.

R.      Award such other and further relief as may be deemed just and proper under the circumstances.

## COUNT X: JUDGMENT AGAINST RAYMOND C. HOBER UNDER NEW JERSEY'S NEW JERSEY'S UNIFORM VOIDABLE TRANSACTIONS ACT

96.     The United States incorporates paragraphs 1 to 95 of this Complaint as if fully set forth herein.

97.     A lien for federal estate taxes arose under 26 U.S.C. § 6324(a)(1) as of December 12, 2007, the date of the death of the decedent Jeannee Hober, upon the gross estate of the decedent.

98.     Following the Tax Court's decision, a delegate of the Secretary of Treasury assessed the estate tax liability on July 27, 2016 upon the gross estate of the decedent

20

Jeannee Hober, and pursuant to 26 U.S.C. §§ 6321 and 6322 a lien arose as of that date upon notice and demand and neglect or refusal to pay.

99.     The United States' claim for federal estate taxes arose on December 12, 2007 by reason of the lien described above.

100.     After December 12, 2007, property of the gross estate subject to the lien totaling $981,859 was transferred to the transferee Raymond C. Hober as a beneficiary of the Hober Estate.

101.     The transferee Raymond Hober did not remit a reasonably equivalent value in exchange for the transferred property of the gross estate.

102.     The Hober Estate was insolvent or became insolvent because of the transfers to Raymond C. Hober and unable to pay the claim of the United States for federal estate taxes

103.     The transfer is therefore voidable under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1).

104.     Under N.J.S.A. § 25:2-30(b), the United States is entitled to a judgment against the transferee Raymond C. Hober for the value of the asset transferred or the amount necessary to satisfy the United States claim, whichever is less.

105.     The transferee Raymond C. Hober is liable for the federal estate taxes of the Hober Estate plus interest and penalties not to exceed **$981,987**, the value of the transfers made to him from the gross estate.

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

21

S.      Enter a judgment under N.J.S.A. §§ 25:2-27(a), 25:2-29(a)(1), and 25:2-30(b)

in favor of the United States against the transferee Raymond C. Hober in an amount not

to exceed the value of the transferred property totaling **$981,987.**

T.      Award such other and further relief as may be deemed just and proper

under the circumstances.

Dated: July 24, 2026,                           Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General

                                                JOSHUA WU
                                                Deputy Assistant Attorney General, Tax
                                                Litigation Branch

                                                /s/ *Olga L. Tobin*
                                                OLGA L. TOBIN
                                                JOSHUA D. ZIMBERG
                                                Trial Attorneys
                                                Tax Litigation Branch
                                                Civil Division, Department of Justice
                                                P.O. Box 227, Ben Franklin Station
                                                Washington, D.C. 20044
                                                (202) 307-6322 (Tobin)
                                                (202) 598-3739 (Zimberg)
                                                (202) 514-6866 (Fax)
                                                Olga.L.Tobin@usdoj.gov
                                                Joshua.D.Zimberg@usdoj.gov
                                                *Counsel for the United States of America*

**DESIGNATION OF AGENT FOR SERVICE UNDER LOCAL CIVIL RULE 101.1(f)**

In accordance with Local Civil Rule 101.1(f), the undersigned hereby designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

United States Attorney's Office
District of New Jersey
402 East State Street, Room 430
Trenton, NJ 08608

> Respectfully submitted,
>
> BRETT A. SHUMATE
> Assistant Attorney General
>
> JOSHUA WU
> Deputy Assistant Attorney General, Tax
> Litigation Branch
>
> /s/ *Olga L. Tobin*
> OLGA L. TOBIN
> JOSHUA D. ZIMBERG
> Trial Attorneys
> Tax Litigation Branch
> Civil Division, Department of Justice
> P.O. Box 227, Ben Franklin Station
> Washington, D.C. 20044
> (202) 307-6322 (Tobin)
> (202) 598-3739 (Zimberg)
> (202) 514-6866 (Fax)
> Olga.L.Tobin@usdoj.gov
> Joshua.D.Zimberg@usdoj.gov
> *Counsel for the United States of America*